**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                    :
JAMES SMULL,                         :        CIVIL ACTION
            Petitioner                      :
                                                    :
                                                    :
      v.                                         :        NO. 13-0930
                                                    :
SUPERINTENDENT CAMERON, et al.,   :
            Respondents                   :
_____:

**Henry S. Perkin, M.J.**                                        **December 3, 2015**

<u>**REPORT AND RECOMMENDATION**</u>

            Presently before the Court is a Petition for Writ of Habeas Corpus filed on behalf

of the Petitioner, James Smull ("Petitioner"), pursuant to 28 U.S.C. section 2254.  For the

reasons that follow, it is recommended that the Petition should be denied with prejudice and

dismissed without an evidentiary hearing.

**I.        <u>PROCEDURAL HISTORY</u>**.[1]

            On January 24, 2004, following a jury trial before the Honorable Maurino J.

Rossanese, Jr. in the Court of Common Pleas of Montgomery County, Petitioner was found

guilty of voluntary manslaughter, and was acquitted of first-degree murder, third-degree murder,

and possession of an instrument of crime.[2]  On March 16, 2004, Petitioner was sentenced to a

---

            [1]        This information is taken from the Petition for Writ of Habeas Corpus and Memorandum of Fact
and Law in Support thereof, the Response thereto, and the attachments to the pleadings.  In addition, this Court
ordered and reviewed the electronic state court record in this matter.  <u>See</u> Docket No. 9.  The information contained
in the electronic state court record has been considered and incorporated into this Report and Recommendation.

            [2]        On October 4, 2001, Nickole Rossman broke off her engagement with Petitioner.  On October 12,
2001, Ms. Rossman was found dead in her apartment.  The autopsy report indicated that Ms. Rossman had been
beaten with a blunt object and strangled.  Then, while still alive, her throat was lacerated straight through to the back
of her neck.  <u>See</u> Petition, Appendix 2 at 1.

term of ten to twenty years imprisonment.

Petitioner filed a direct appeal with the Pennsylvania Superior Court.  By memorandum decision filed August 25, 2006, the Superior Court rejected Petitioner's claims, and affirmed the judgment of sentence of the trial court.  Commonwealth v. Smull, 909 A.2d 887, 2006 Pa. Super. LEXIS 3903 (Pa. Super. August 25, 2006) (No. 527 EDA 2005).  Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on January 18, 2007.  Commonwealth v. Smull, 591 Pa. 672, 916 A.2d 1102, 2007 Pa. LEXIS 160 (Pa. January 18, 2007) (No. 800 MAL 2006).

On November 1, 2007, Petitioner, through his counsel, filed a timely petition for collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA").  See Court of Common Pleas of Montgomery County Criminal Docket No. CP-46-CR-0001565-2002; Petition, Appendix 1.  On November 9, 2010, following evidentiary hearings conducted on May 30, 2008 and June 2, 2010, the PCRA court formally dismissed Petitioner's PCRA petitions.[3]  See Court of Common Pleas of Montgomery County Criminal Docket No. CP-46-CR-0001565-2002; Petition, Appendix 2 (Opinion, Carluccio, J. filed March 3, 2011).  By memorandum decision filed September 9, 2011, the Superior Court affirmed the PCRA court's dismissal order.  Commonwealth v. Smull, 34 A.3d 219, 2011 Pa. Super. LEXIS 4375 (Pa. Super. 2011) (No. 3338 EDA 2010).  Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on February 22, 2012.  Commonwealth v. Smull, 614 Pa. 712, 38 A.3d 825, 2012 Pa. LEXIS 378 (Pa. 2012) (No. 753 MAL 2011).

---

[3]     On March 30, 2010, counsel filed an Amended PCRA petition on the Petitioner's behalf and later on April 16, 2010, with the Commonwealth's permission, counsel filed a Second Amended PCRA petition.

Counsel for Petitioner signed the instant *pro se* Petition for Writ of Habeas Corpus on February 19, 2013, and it was docketed by the Clerk of Court in the United States District Court for the Eastern District of Pennsylvania on February 20, 2013. See Docket No. 1. Pursuant to the prison mailbox rule, this Court will consider the date of filing as February 19, 2013. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997) (motion is deemed timely filed on date petitioner gave petition to prison officials to mail). In the habeas Petition, Petitioner alleges the following claims: (1) denial of his state and federal constitutional rights because the Commonwealth failed to disclose exculpatory evidence (Petition at 8); (2) ineffective assistance of counsel for failing to investigate and present the taped audio recordings of Petitioner's telephone conversations at his work on the date of the alleged crime (Petition at 10); (3) ineffective assistance of counsel for failing to investigate and present the video surveillance of Petitioner's work place on the date of the alleged crime (Petition at 12); and (4) ineffective assistance of trial counsel for conceding Petitioner's guilt in closing argument without his consent (Petition at 13).

The case was assigned to the Honorable Paul S. Diamond who referred it to the undersigned for preparation of a Report and Recommendation. On February 28, 2013, the undersigned entered an Order directing that the Clerk of Courts of Montgomery County, forward copies of all records, including transcripts of notes of testimony at arraignment, pre-trial and suppression hearings, trial, sentencing, and post-conviction hearings and appeals; all trial and appellate briefs and petitions; all pleadings; and all court opinions of proceedings in connection with this matter. The electronic state court record pertaining to Commonwealth v. James Joseph Smull, Court of Common Pleas of Montgomery County, CP-46-CR-0001565-2002, was

docketed on March 18, 2013.  See Docket No. 9.

On June 11, 2013, the Response in Opposition to Petition for Writ of Habeas Corpus was filed.  See Docket No. 12.  Respondents contend, *inter alia*, that the Petition is time-barred, and that the case should be dismissed with prejudice and without an evidentiary hearing. Having reviewed the documents of record in this case, as well as the electronic state court record, we offer this Report and Recommendation.

## II.   DISCUSSION.

### A.   The Federal Habeas Corpus Petition at Issue is Statutorily Time-Barred.

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[4]  However, if direct review of a

---

[4]   28 U.S.C. section 2244 requires that:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  In this case, the applicable starting point to examine the limitation period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review, or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of sentence became final on April 18, 2007, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for seeking discretionary review with the United States Supreme Court expired.  See U.S. Supreme Court Rule 13 (allowing ninety days to file a petition for writ of *certiorari*); Kapral v. United States, 166 F.3d 565, 570-571 (3d Cir. 1999) (judgment of sentence becomes final at conclusion of direct review or expiration of time for seeking such review).  Accordingly, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on April 18, 2007.  In the absence of any statutory or equitable tolling, Petitioner, therefore, would have been required to file his federal habeas petition on or before April 18, 2008.

We note, however, that because the AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling, we must examine whether the instant Petition may

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

be considered timely filed under either concept.  28 U.S.C. § 2244(d) (enumerating statutory

tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921

(2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially

crafted exception).

> **B.**  **The Federal Habeas Corpus Petition at Issue is Not Eligible for Statutory or Equitable Tolling**.

The AEDPA's one-year statute of limitations is subject to both statutory and

equitable tolling.  28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v.

Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time

limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

> 1. Statutory Tolling

We note initially that Petitioner is not entitled to a  new, extended deadline for the

AEDPA's limitation period pursuant to 28 U.S.C. § 2244(d)(1).  There is no evidence to

demonstrate that state action prevented the timely filing of his habeas action.  28 U.S.C. §

2244(d)(1)(B).  Furthermore, the claims alleged in the Petition do not rely on a new rule of

federal constitutional law of retroactive application.[5]  28 U.S.C. § 2244(d)(1)(C).  Finally,

---

[5]    To the extent that Petitioner would assert that Martinez v. Ryan, 132 S.Ct. 1309 (March 20, 2012), somehow entitles him to a finding of timeliness, we conclude that Petitioner is ineligible for a recalculation of the AEDPA deadline on this basis.  Following Martinez, an error by a prisoner's post-conviction counsel during his initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness claim if: (1) state law required the prisoner to wait until post-conviction review to raise Strickland claims; (2) the prisoner's underlying Strickland claim is "substantial"; and (3) the prisoner can establish that his post-conviction counsel was ineffective under the Strickland standard. Martinez, 132 S.Ct. at 1315, 1318-1319. For several reasons, Martinez does not render the instant petition, or any of its claims, timely for Section 2244(d)(1)(C) purposes. See Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004) (timeliness of federal habeas petition is determined on a claim-by-claim basis, such that timeliness of one claim cannot render others timely merely by association).

Initially, we note that Martinez did not announce a new federal constitutional rule of law and does not discuss retroactivity. See Martinez, 132 S.Ct. at 1315 (expressly declining to decide constitutional questions). See also Adams v. Thaler, 679 F.3d 312, 323 n.6 (5th Cir. 2012) (rejecting similar new rule contention: "Martinez

Petitioner has not made a showing that the factual predicate of his claims was not discoverable through the exercise of due diligence long ago. 28 U.S.C. § 2244(d)(1)(D).

      With respect to Petitioner's PCRA filing, we note that the limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d)(2).  However, if a PCRA petition is not timely filed, it is not considered properly filed in order to toll the AEDPA one-year statutory time period.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

      Petitioner's PCRA petition was filed on November 1, 2007, during the running of the one-year habeas clock.  Because 198 days of the one-year time period had elapsed, the clock was tolled with approximately 167 days remaining before expiration.  See Fed.R.Civ.P. 6(a)(1).  On February 22, 2012, Petitioner's PCRA petition was no longer pending when the Supreme Court of Pennsylvania denied his request for an allowance of appeal.  As a result, the one-year statutory period resumed on February 22, 2012,[6] and expired 167 days later on August 7, 2012.

---

does not provide a basis for authorization under § 2244(b)(2)(A), as the Court's decision was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'") (citing Martinez, 132 S.Ct. at 1319). Accord, e.g., Gabe v. United States, Nos. 412–cv145 & 405–cr-281, 2012 WL 2153946, at *1 (S.D.Ga. June 13, 2012) (same). Because Martinez did not purport to describe a constitutional right, let alone make it retroactively applicable, the alternate start date under Section 2244(d)(1)(C) cannot apply to render this Petition timely filed.

      Second, Martinez does not recognize a new time-bar excuse, but only a limited and equitable excuse for procedural default.  See Vogt v. Coleman, 2012 U.S. Dist. LEXIS 99767, *11 (W.D. Pa. 2012)("Martinez did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition."); Small v. Warden, SCI-Somerset, No. 04-2417, Slip Op. at 3 (E.D. Pa.)(McLaughlin, J.)(same); Stromberg v. Varano, 2012 U.S. Dist. LEXIS 95877, *18 n. 37 (E.D. Pa. 2012(Rufe, J.)(same).  Accordingly, we conclude that Petitioner is ineligible for a recalculation of the AEDPA deadline pursuant to Section 2244(d)(1)(C).

     [6]      In the Third Circuit, a timely filed collateral relief petition is considered pending until 30 days after the appeal from its grant or denial is completed, regardless of whether the Petitioner seeks discretionary review of the appellate decision with the Supreme Court of Pennsylvania.  See Swartz v. Myers, 204 F.3d 417 (3d Cir. 2000). However, a collateral relief petition is not considered pending during the time after the completion of the state's review during which certiorari could be sought in the Supreme Court of the United States. See Stokes v. The District Attorney of the County of Philadelphia, 247 F.3d 539 (3d Cir. 2001). "'[I]t seems clear that Congress intended to exclude potential Supreme Court review as a basis for tolling the one year limitations period.'" Id. at 542

The present Petition was filed on February 19, 2013, more than six months after the period of limitation expired.

    2. <u>Equitable Tolling</u>

    This Court must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the Petition timely filed.  <u>Robinson v. Johnson</u>, 313 F.3d 128, 134 (3d Cir. 2002), <u>cert</u>. <u>denied</u>, 540 U.S. 826 (2003)(citing <u>Miller v. New Jersey State Dep't of Corr.</u>, 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted).  The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair.  <u>Satterfield v. Johnson</u>, 434 F.3d 185, 195 (3d Cir. 2006); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).

    Courts must be sparing in their use of equitable tolling.  <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999).  In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted).  "The two general requirements for equitable tolling: (1) that 'the Petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'"  <u>Merritt v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003) (citing <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001)).  Mere excusable neglect is not sufficient.  <u>Miller</u>, 145 F.3d at 618 (quoting <u>New Castle County v. Halliburton</u>

---

(quoting <u>Isham v. Randle</u>, 226 F.3d 691, 695 (6th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1201 (2001)(further citation omitted)). In reaching this decision, the Third Circuit recognized that all several other circuits which have discussed this issue have all reached the same conclusion. <u>Id.</u> at 542.

NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

      The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001)(citing Jones, 195 F.3d at 159 (citations omitted)).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy, 240 F.3d at 244.  The habeas petitioner bears the burden of demonstrating both his entitlement to equitable tolling and his due diligence.  Pace, 544 U.S. at 418; Cooper v. Price, 82 Fed.Appx. 258, 260 (3d Cir. 2003); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001) (Van Antwerpen, J.).

      In this case, we note at the outset, that Petitioner has failed to allege that some extraordinary circumstance prevented him from asserting his rights in a timely habeas corpus petition, and has failed to demonstrate that he exercised reasonable diligence in investigating and bringing his claims.  Merritt, 326 F.3d at 168.  Moreover, we note that in determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced.  Traub v. Folio, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004))(affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following

his conviction before he sought relief).  It is Petitioner's burden to show that he acted with

reasonable diligence and that extraordinary circumstances caused his petition to be untimely. <u>Id.</u>

As correctly noted by Respondents,

> Petitioner's failure to explain how he might be
> eligible for equitable tolling precludes any finding
> that the doctrine applies to his case.  <u>See</u> <u>Brown v.
> Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982)(petitioner
> bears burden of proving all facts, procedural and
> substantive, that entitle him to relief).

<u>See</u> Response (Docket No. 12) at 5.

Under the circumstances of this case, Petitioner did not act in a reasonably

diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve

his rights not only in the state court, but also in this Court.  Petitioner fails to allege any steps that

he took to timely file the instant federal habeas petition.  None of the circumstances which

warrant equitable tolling apply in this case to render the instant Petition timely.  <u>Fahy</u>, 240 F.3d

at 244.  Accordingly, the Petition is statutorily time-barred.

### C.  Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without

reaching the underlying constitutional claims, a certificate of appealability should issue only if

(1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable

jurists would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree

that the instant Petition is time-barred.  It is statutorily barred, and neither statutory nor equitable

tolling apply to this Petition.

For all of the above reasons, I make the following:

## **RECOMMENDATION**

AND NOW, this     3rd     day of December, 2015, IT IS RESPECTFULLY

RECOMMENDED that the instant Petition for Writ of Habeas Corpus filed pursuant to 28

U.S.C. § 2254 (Docket No. 1) should be DENIED with prejudice and DISMISSED without an

evidentiary hearing.  There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local

Civ. Rule 72.1.  Failure to timely file objections may constitute a waiver of any appellate rights.


BY THE COURT:


    /s/ Henry S. Perkin
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE