IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES SMULL, : | |
|         Petitioner, : | |
| : | |
| v. : | Civ. No. 13-930 |
| : | |
| JAMES MCGRADY, et al., : | |
|         Respondents. : | |

**O R D E R**

On February 19, 2013, state prisoner James Smull, who is represented by counsel, sought 28 U.S.C. § 2254 relief alleging, *inter alia*, ineffective assistance of trial counsel and failure to disclose exculpatory evidence. (Doc. No. 1 at 8-13.) I referred the matter to Magistrate Judge Perkin, who recommends denying relief. (Doc. No. 13.) No objections have been filed. (Doc. No. 14); Fed. R. Civ. P. 72(b)(2) (fourteen-day window for filing objections).

In the absence of objections, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made). Having reviewed Judge Perkin's Report, I agree with his recommendation.

Because Smull's Petition was filed on February 19, 2013—more than six months after the one-year limitations clock governing his federal habeas petition expired—his claims are time-barred. (Doc. No. 13 at 7-8); see 28 U.S.C. § 2244(d)(1) (one-year limitations period); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("[H]abeas petition is deemed filed at the moment [a petitioner] delivers it to prison officials for mailing to the district court."). Although the limitations clock was tolled during the pendency of Smull's post-conviction relief proceedings, the statutory clock resumed running after the Pennsylvania Supreme Court denied his request for an allowance

of appeal on February 22, 2012, and expired on August 7, 2012, well before Smull petitioned this Court.  (Doc. Nos. 1, 13 at 5-7.)  Moreover, Smull has failed to offer any basis for equitable tolling. Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013) ("For a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition.").  Accordingly, I will approve and adopt the Report.

**AND NOW**, this 18th day of December, 2015, it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing;

2. The Magistrate Judge's Report and Recommendation (Doc. No. 13) is **APPROVED AND ADOPTED**; and

3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.

2